**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**FLOYD MCMULLEN,**

        **Petitioner,**

  **v.**              **9:07-CV-439**
                  **(FJS/DRH)**

**UNITED STATES OF AMERICA,**

         **Respondent.**

---

**APPEARANCES**

**FLOYD MCMULLEN**
**12211-052**
Devens Federal Medical Center
P.O. Box 879
Ayer, Massachusetts 01432
Petitioner *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  The Clerk of the Court has sent Petitioner Floyd McMullen's motion for appointment of counsel and his request to proceed *in forma pauperis* to this Court for its review. Petitioner is currently confined at Devens Federal Medical Center in Ayer, Massachusetts, and has not paid any filing fee for this action.

### II. DISCUSSION

**A.**  **Petitioner's criminal conviction**

  On September 24, 2004, following a non-jury trial before this Court (Munson, J.

presiding), Petitioner was found not guilty only by reason of insanity. *See United States v. McMullen*, 5:04-CR-444, at Dkt. No. 25. The parties waived the subsequent hearing provided for in 18 U.S.C. § 4243(c); and, thereafter, upon its finding that Petitioner had failed to meet his burden to prove by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to his present mental illness or defect, the Court committed Petitioner to the custody of the Attorney General, pursuant to 18 U.S.C. § 4243(d), (e). *See id.* By Order dated September 30, 2004, the Court directed the Federal Bureau of Prisons to confine Petitioner in an appropriate medical institution. *See id.* at Dkt. No. 26.

**B.    This proceeding**

In his current motion, Petitioner seeks the appointment of counsel so that counsel can request a discharge hearing on his behalf, pursuant to 18 U.S.C. § 4247(h). *See* Dkt. No. 2. Section 4247(h) provides that either counsel for or the legal guardian of a person hospitalized pursuant to 18 U.S.C. § 4243 may request a judicial hearing from the court that ordered the commitment to determine whether the hospitalized person should be discharged. Since Petitioner is not currently represented,[1] he seeks the appointment of counsel pursuant to 18 U.S.C. § 3006A.

Upon receiving Petitioner's motion, the Clerk of the Court opened this action and docketed the motion as a petition for habeas corpus relief pursuant to 42 U.S.C. § 2241.

---

[1] At the time that the Court ordered Petitioner's commitment, the Federal Public Defender represented him.

However, upon review, the Court has determined that, instead of opening a new action, the Clerk of the Court should have docketed Petitioner's motion in his criminal action. Therefore, the Court directs the Clerk of the Court to docket Petitioner's motion for appointment of counsel and his application to proceed *in forma pauperis* in his criminal case, *United States v. McMullen*, 5:04-CR-444.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that the Clerk of the Court shall docket Petitioner's motion for appointment of counsel and his application to proceed *in forma pauperis* in his criminal case, *United States v. McMullen*, 5:04-CR-444; and the Court further

**ORDERS** that this action is **DISMISSED** because it was improperly opened; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner. The Clerk of the Court shall also send a copy of this Order to the United States Attorney for the Northern District of New York and the Federal Public Defender's Syracuse, New York office.

**IT IS SO ORDERED.**

Dated: May 8, 2007
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge